IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) Civil Action No. 4:23-cv-3317 |
| vs. | ) COMPLAINT |
| **TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.,** | ) |
| Defendant. | ) |

Plaintiff, the United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), against Defendant Transocean Offshore Deepwater Drilling Inc. ("Defendant"). The United States seeks injunctive relief and civil penalties against Defendant for violations of Sections 301(a) and 309(d) of the CWA, 33 U.S.C. §§ 1311(a) and 1319(d), and the conditions and limitations of the Western to Central Portion of the Outer Continental Shelf of the Gulf of Mexico General Permit issued to Defendant under Section 402(a) of the CWA, 33 U.S.C. § 1342(a). These violations occurred at Defendant's vessels or mobile offshore facilities in the Gulf of Mexico (the "Vessels").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action and over the Parties pursuant to Sections 301(a) and 309(b) of the CWA, 33 U.S.C. §§ 1311(a) and 1319(b) and 28 U.S.C. §§ 1331, 1345 and 1355.

3. Venue is proper in this district pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b), 1391(c), and 1395(a) because Defendant is located in and conducts business in this judicial district.

4. Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and Section 506 of the CWA, 33 U.S.C. § 1366.

**PARTIES**

5. Plaintiff is the United States of America, acting at the request, and on behalf, of EPA.

6. Defendant is Transocean Offshore Deepwater Drilling Inc., a corporation organized under the laws of Delaware and doing business in the State of Texas.

7. Defendant's corporate offices are located at 1414 Enclave Parkway, Houston, Texas.

8. At all relevant times, Defendant owned or operated the Vessels.

9. At all relevant times, Defendant maintained full control over operating decisions on the Vessels, including, but not limited to, the discharges of pollutants from the Vessels.

**STATUTORY AND REGULATORY BACKGROUND**

10. The CWA is designed "to restore and maintain the chemical, physical and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

11. To accomplish this goal, CWA Section 301(a), 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant" by any person except in certain circumstances, including in compliance with a National Pollutant Discharge Elimination System ("NPDES") permit issued by EPA pursuant to CWA Section 402, 33 U.S.C. § 1342.

12. CWA Section 502(12), 33 U.S.C. § 1362(12), defines the term "discharge of a pollutant" as, *inter alia*, "any addition of any pollutant to navigable waters from any point source."

13. Section 502(6) of the CWA, 33 U.S.C. § 1362(6), defines "pollutant" to include a wide variety of substances, including chemical and industrial waste.

14. Section 502(5) of the CWA, 33 U.S.C. § 1362(5), defines "person" to include a corporation.

15. Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines "navigable waters" as "waters of the United States."

16. "Waters of the United States" has been further defined to include, among other things, "waters which are currently used, or were used in the past, or may be susceptible to use in interstate or foreign commerce." 40 C.F.R. §§ 112.2 and 122.2.

17. Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines "point source" to mean "any discernible, confined and discrete conveyance, including but not limited to any pipe [or] conduit . . . from which pollutants are or may be discharged."

18. Under Section 301 of the CWA, 33 U.S.C. § 1311, it is unlawful for any person to discharge any pollutant from a point source to waters of the United States, except with the authorization of, and in compliance with, an NPDES permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

19. EPA may issue a NPDES permit that authorizes the discharge of pollutants to the waters of the United States, upon the condition that such discharge will meet all applicable requirements of the CWA and such other conditions as the permitting authority determines necessary to carry out the provision of the CWA. 33 U.S.C. §1342(a).

20. Relevant to the claims in this action, pursuant to Section 402(a) of the CWA, 33 U.S.C. § 1342(a), EPA reissued the "Final NPDES General Permit for New and Existing Sources and New Dischargers in the Offshore Subcategory of the Oil and Gas Extraction Category for the Western Portion of the Outer Continental Shelf of the Gulf of Mexico" (GMG290000) ("GoM General Permit") on September 28, 2012 (effective October 1, 2012, through September 30, 2017), 77 Fed. Reg. 61605 (October 20, 2012), and again on September 19, 2017 (effective October 1, 2017, through September 30, 2022). 82 Fed. Reg. 45845 (Oct. 2, 2017).

21. The GoM General Permit authorizes discharges from new sources, existing sources, and new dischargers in the Offshore Subcategory of the Oil and Gas Extraction Point Source Category (40 C.F.R. Part 435, Subpart A) by operators of lease blocks in the Oil and Gas Extraction Point Source Category that are located in Federal Waters of the Central and Western Portions of the Gulf of Mexico (defined as seaward of the outer boundary of the territorial seas off Louisiana and Texas) to the covered waters, but only in accordance with the conditions of the permit.

22. The GoM General Permit does not authorize discharges from facilities located in, or discharging to, the territorial seas of Louisiana or Texas or from facilities defined as "coastal," "onshore," or "stripper" (40 C.F.R. Part 435, Subparts C, D, and E).

23. The GoM General Permit establishes effluent limitations, prohibitions, reporting requirements, and other conditions on discharges from oil and gas facilities, and supporting

4

pipeline facilities, engaged in production, field exploration, developmental drilling, facility installation, well completion, well treatment, well workover, and abandonment/decommissioning operations. Oil and gas facilities located in the covered permit area that are temporarily idle may also be authorized under the permit. *See* GoM General Permit, Part I.A.1.

24. The permit coverage area consists of discharges in lease areas that are located in Federal waters in the Gulf of Mexico specifically located in the Central to Western portions of the Gulf of Mexico (GMG290000). The lease areas under the jurisdiction of EPA Region 6 that begin in the Central portion include: Chandeleur, Chandeleur East, Breton Sound, Main Pass, Main Pass South and East, Viosca Knoll (but only those blocks under Main Pass South and East; the Viosca Knoll blocks between Main Pass and Mobile are under EPA Region 4 jurisdiction), South Pass, South Pass South and East, West Delta, West Delta South, Mississippi Canyon, Atwater Valley, Lund, and Lund South. These named lease areas and all lease areas westward are part of EPA Region 6. In Texas, where the state has mineral rights to three leagues from its shoreline, some operators with state lease tracts are required to request coverage under this Federal NPDES general permit. In addition, the requirement of permit coverage extends to produced water discharges to those Federal waters from lease blocks located in State territorial seas. This includes produced water from wells located in the area of permit coverage, which is sent onshore for treatment and subsequently sent back to the Outer Continental Shelf to be discharged. *See id*.

25. Vessels or other mobile facilities that engage in oil or gas exploration, development, or production activity, as defined by the GoM General Permit, are subject to the GoM General Permit. *See id*., Part I. A.2.

26. CWA Section 309(b), 33 U.S.C. § 1319(b), authorizes the Administrator of EPA "to commence a civil action for appropriate relief, including a permanent or temporary injunction," when any person is in violation of 33 U.S.C. §§ 1311, 1318, or of any permit issued pursuant to CWA Section 402, 33 U.S.C. § 1342.

27. CWA Section 309(d), 33 U.S.C. § 1319(d), provides, in part, that any person who violates 33 U.S.C. § 1311, 1318, or any permit issued pursuant to CWA Section 402, 33 U.S.C. § 1342, shall be subject to a civil penalty not to exceed $25,000 per day for each such violation. The applicable daily statutory maximum penalty is $37,500 for each violation occurring after January 12, 2009, through November 2, 2015, and $64,618 for each violation occurring after November 2, 2015, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended by the Debt Collection Improvement Act of 1996, and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, (28 U.S.C. § 2461 note; Pub. L. 114-74, Section 701), and 40 C.F.R. § 19.4.

## **GENERAL ALLEGATIONS**

28. At all times relevant to this action, Defendant owned or operated the Vessels.

29. At all times relevant to this action, the Vessels engaged in offshore oil and gas exploration, development, or production activities, in the Gulf of Mexico in areas covered by the GoM General Permit.

30. At all times relevant to this action the Vessels discharged to the Gulf of Mexico in areas covered by the GoM General Permit.

31. The Vessels have cooling water intake structures that are regulated by the GoM General Permit.

32. The Gulf of Mexico is a water of the United States within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7).

33. Defendant is a "person" as defined in Section 502(5) of the CWA, 33 U.S.C. § 1362(5), and 40 C.F.R. §§ 122.2.

34. The outfalls from the Vessels are "point source[s]" within the meaning of CWA Section 502(14), 33 U.S.C. § 1362(14).

35. Because Defendant owned or operated facilities (the Vessels) that were point sources of discharges of pollutants to a water of the United States, Defendant and the Vessels are subject to the CWA and the NPDES, including the conditions and limitations of the GoM General Permit. 33 U.S.C. § 1342.

36. The discharges from Defendant's Vessels included deck drainage, sanitary waste, domestic waste, maintenance waste, cooling water, and miscellaneous discharges, as defined in Part I.B. of the GoM General Permit.

**FIRST CLAIM FOR RELIEF**
(Unpermitted Discharges in Violation of CWA Section 301(a))

37. Paragraphs 1 through 36 are re-alleged and incorporated by reference.

38. The GoM General Permit provides a process under which the owners or operators of a subject vessel or mobile facility submits a Notice of Intent ("NOI") to EPA to be covered by the GoM General Permit. *See* GoM General Permit, Part I.A.2.

39. A NOI must be filed in advance to cover specific discharges prior to commencement of specified discharges. *See id.*

40. The GoM General Permit requires an owner or operator to submit a new NOI for a facility, which includes a vessel or mobile operating drilling unit, before it commences discharging when it moves to a new lease block. *See id.*

41. On numerous occasions since at least 2016, Defendant's Vessels discharged to the Gulf of Mexico without obtaining coverage under the GoM General Permit and may continue to do so in the future.

42. Those discharges were unauthorized discharges in violation of Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

43. Each day of discharge constitutes a separate violation of Section 301(a) of the CWA, 33 U.S.C. § 1311(a), for discharging without a permit.

44. Defendant is liable for injunctive relief and civil penalties not to exceed $37,500 per day for each violation of CWA Section 301 occurring after January 12, 2009 through November 2, 2015, and $64,618 for each violation of CWA Section 301 occurring after November 2, 2015 pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended by the Debt Collection Improvement Act of 1996, and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, (28 U.S.C. § 2461 note; Pub. L. 114-74, Section 701), and 40 C.F.R. § 19.4.

## SECOND CLAIM FOR RELIEF
(Violations of the Conditions and Limitations of the GoM General Permit)

45. Paragraphs 1 through 36 are re-alleged and incorporated by reference.

46. On numerous occasions since at least 2016, Defendant failed to properly maintain and operate the Vessels in compliance with the conditions and limitations, including without limitation the recordkeeping and reporting requirements, of the GoM General Permit and may continue to do so in the future.

47. Defendant's failures to properly maintain and operate the Vessels in compliance with the conditions and limitations of the GoM General Permit include, but are not limited to, the following:

   a. On numerous occasions Defendant failed to submit, or failed to timely submit, Discharge Monitoring Reports ("DMRs") in violation of Part II.D.4 of the GoM General Permit.

   b. On numerous occasions Defendant failed visual remote inspections of cooling water intakes on its Vessels in violation of Part I.12.c.1.i of the GoM General Permit.

   c. On numerous occasions Defendant failed to accurately report discharges on its DMRs by a) submitting a "No Discharge" DMR for a Vessel that was, in fact, operating and discharging during the covered time period, or b) submitting a DMR for a Vessel that was not, in fact, discharging during the covered time period, in violation of Part II.D.4 of the GoM General Permit.

   d. On numerous occasions Defendant failed to record and maintain records of fish or shellfish impinged in Vessel cooling water intakes in violation of Part I.B.12.d of the GoM General Permit.

   e. On numerous occasions Vessel cooling water structure intake velocities exceeded the permit limitation of 0.5 ft/sec in violation of Part I.B.12.c.1.ii of the GoM General Permit.

   f. On at least one occasion Defendant failed to conduct required cooling water remote inspections once every six months in violation of Parts I.B.12.c.1.i and I.B.12.d.1 of the GoM General Permit.

    g. On at least one occasion, Defendant failed to properly maintain and operate its cooling water intake structures in violation of Part I.B.12.b.4.ii of the GoM General Permit.

    h. On at least one occasion, Defendant failed to retain the required visual sheen weekly log in violation of Parts I.B.11.a and II.C.3 of the GoM General Permit.

    i. On at least one occasion Defendant discharged at least one barrel of base fluids from a Vessel in violation of the limitations on discharges of visual free oil in Part I.B.3.a. of the GoM General Permit.

48. Each failure identified in Paragraphs 47 and 48 constitutes a separate violation of the GoM General Permit.

49. Defendant is liable for injunctive relief and civil penalties not to exceed $37,500 per day for each violation of the GoM General Permit occurring after January 12, 2009 through November 2, 2015, and $64,618 for each violation of the GoM General Permit occurring after November 2, 2015 pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended by the Debt Collection Improvement Act of 1996, and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, (28 U.S.C. § 2461 note; Pub. L. 114-74, Section 701), and 40 C.F.R. § 19.4.

## THIRD CLAIM FOR RELIEF
(Violations of Effluent Limitations)

50. Paragraphs 1 through 36 are re-alleged and incorporated by reference.

51. On numerous occasions since at least 2016, Defendant's Vessels discharged effluent to the Gulf of Mexico that failed to comply with the effluent limitations contained in the GoM General Permit and may continue to do so in the future.

52. Each day of each discharge that failed or fails to comply with the effluent limitations in the GoM General Permit is a separate violation of the GoM General Permit.

53. Defendant is liable for injunctive relief and civil penalties not to exceed $37,500 per day for each day of each discharge that failed to comply with the effluent limitations in the GoM General Permit occurring after January 12, 2009 through November 2, 2015, and $64,618 for each violation of the GoM General Permit occurring after November 2, 2015 pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended by the Debt Collection Improvement Act of 1996, and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, (28 U.S.C. § 2461 note; Pub. L. 114-74, Section 701 )28 U.S.C. § 2461 note , and 40 C.F.R. § 19.4.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff the United States respectfully requests that this court:

A. Order Defendant to immediately comply with the CWA statutory and regulatory requirements, including the GoM General Permit, cited in this Complaint, pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b);

B. Impose civil penalties against Defendant for up to the maximum amounts provided in the applicable statutes and regulations, pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d);

C. Award Plaintiff its costs and expenses incurred in this action; and

D.      Grant such other and further relief as the Court may deem just and proper.

        Respectfully submitted,

        TODD KIM
        Assistant Attorney General
        Environment and Natural Resources Division
        United States Department of Justice

        */s/ Scott M. Cernich*
        SCOTT M. CERNICH (DC Bar # 479851)
        Senior Counsel
        Environmental Enforcement Section
        Environment and Natural Resources Division
        United States Department of Justice
        P.0. Box 7611, Benjamin Franklin Station
        Washington, D.C. 20044-7611
        (202) 514-0056
        scott.cernich@usdoj.gov

        Attorney for Plaintiff United States of America

        ALAMDAR S. HAMDANI
        United States Attorney
        Southern District of Texas

By:      */s/ Daniel Hu*
        DANIEL HU
        Attorney-in-Charge
        Assistant United States Attorney
        Southern District of Texas
        Bar Nos: Texas: 10131415
                    S.D. Texas: 7959
        1000 Louisiana, Suite 2300
        Houston, TX 77002
        daniel.hu@usdoj.gov

OF COUNSEL:
TUCKER HENSON
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 6
1201 Elm Street
Dallas, TX 75270
(214) 665-8148
Henson.Tucker@epa.gov